**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| In re: | Case No. 21-20120-tnw |
| Sanitech, LLC | Chapter 11 |
| Debtor | Judge Tracey N. Wise |

**PREMIER CHEMICAL AND SERVICES, LLC'S RESPONSE TO THE OBJECTION BY SANTIECH, LLC**

I. Introduction

Creditor, Premier Chemical and Services, LLC ("Premier"), by and through counsel, and hereby responds to the Objection to Claim No. 17 (Doc 134) filed by Sanitech, LLC ("Debtor"). Debtor's objection is gratuitous and unnecessary as the disputes between Debtor and Premier are scheduled to be tried in state court in January of 2022 – during which the merits of the claims will be assessed. Premier does not deny that it has overlapping claims with Ronald Martin and accepts that it would have to share voting interest with Mr. Martin to the extent there is any overlap. Debtor's allegation that Premier's claim is duplicative with Mr. Martin's is also used against Mr. Martin in Debtor's objection to his claim (Doc 133). Debtor is effectively arguing that the claims are being counted twice so they should both be entirely disallowed.

The litigation between Premier and Debtor has been pending since 2018 in state court in the Common Pleas Court of Hamilton County, Ohio. Debtor filed to remove the case, including the claims against non-debtor Patrick Dunn, in May of 2021; weeks before

1

the trial was scheduled to occur. Premier moved to remand the case to state court and this Court granted Premier's motion. The disputes between Premier and Debtor are scheduled to be tried in January of 2022. The veracity of Premier's claims and Debtor's counterclaims will be adjudged at that time.

**II.     The Contract and the Reason for Overlap Between Premier's Claim and Mr. Martin's Claim.**

The reason that claims of Premier and Mr. Martin are tied together is based upon the language and drafting of the Asset Purchase Agreement ("APA") between Debtor and Premier (drafted by Debtor's counsel). First, the APA is unclear as to whether the "Seller", as defined therein means only Premier or both Premier and Mr. Martin. At times the APA seems to go back and forth as if "Seller" may refer to Premier or Mr. Martin interchangeably. Another issue with the APA is that, under a strict interpretation, it appears that Premier has the right to enforce the promissory note guaranteeing the transaction, but it is unclear whether Mr. Martin individually holds that right.[1]

**III.    Debtor Sanitech's Claim.**

It is irrelevant that Premier's claim could potentially be subject to offset; the state trial court will make its determination after the January 2022 trial. Premier's position is that Debtor's claim against Premier and Mr. Martin is exaggerated. Half of Debtor's claim against Premier are punitive damages based upon the allegation that Mr. Martin and Premier deliberately defrauded Debtor by effectively sabotaging the contract with Debtor

---

[1] Even though payments made to Premier would end up being conveyed to Mr. Martin as Premier no longer does business. Premier is a de facto shell entity with the right to collect payments on behalf of Mr. Martin.

– even though the alleged sabotage, if true, would not have benefitted Mr. Martin or Premier. When addressing its dispute with Premier, Debtor continually refers to the opinions of Debtor's experts, even though the analysis of the so-called experts is flawed. The state trial court will consider the merits of Debtor's so-called experts' theory.

Debtor asserts that Premier's claim "is inflated and based on demonstrably false statements that cannot provide the basis of a valid proof of claim." Debtor provides no statements by Premier that are purportedly false, nor does Debtor provide any such evidence that the statements would be false. It is one thing to allege Premier's statements are false, it is another to prove it. Whether Premier's claims - or Debtor's claims - are false will be determined by the state trial court. It would be gratuitous to preemptively adjudicate any part of the claim that will subsequently be adjudicated by the state court.

### IV. Premier's Conversion Claim.

Debtor asserts that Premier's claim "includes amounts that were never due Premier under the APA …". That is correct; part of Premier's claim includes restitution for Premier's property that was taken by Debtor and alleging that the property was converted by the Debtor. Debtor provides no reason why Premier's conversion claim – which was included in Premier's amended complaint against the Debtor – should be excluded on the basis that it is not part of the APA. Debtor defines conversion in its objection as if it contrasts the conduct asserted by Premier – it does not. Consistent with the definition, Premier's assertion is that: (1) Debtor wrongfully exercised dominion or control over Premier's property; (2) such dominion or control was to the exclusion of

Premier's right; and (3) Debtor withheld the Premier's property from Premier's possession under a claim inconsistent with Premier's rights.[2]

Premier agrees with Debtor's assertion that, under the APA, Debtor was entitled to some of the equipment that Debtor took. Debtor asserts this as a defense, but Premier's claim for the conversion was already limited to the extent Debtor took more than Debtor was entitled to take. Debtor's rightful share under the APA was half of the equipment, but Debtor took nearly all of the equipment. It is undisputed that Debtor was supposed to go through the equipment with Mr. Martin to ensure that it was properly divided. It is further undisputed that Debtor took the equipment without Mr. Martin physically present or even attempting to notify Mr. Martin that Debtor was planning to do so.

Premier, through Mr. Martin, asked for its property to be returned or, in the alternative, to be compensated for the improperly taken property. Premier has compiled a list, and provided this list to Debtor, of property Premier believes was converted. As Debtor took the property without warning, Premier has needed to rely upon indirect evidence. Furthermore, Debtor did not document what equipment was present before Debtor took it or what was taken by Debtor. In discovery, Debtor denied being able to determine what equipment was taken after Debtor took the property despite sales records and warehouse inventory which could have been used to determine prior inventories. Debtor's misconduct caused the estimation about which it now complains.

---

[2] Premier acknowledges that it once referred to the converted property as "Equipment Taken by Sanitech" in shorthand to describe the converted property. That wasn't the limit of Premier's allegation, it was simply a shorthand description in the proof of claim. Details of Premier's allegations are in Premier's amended complaint against the Debtor.

4

### V. Debtor Sanitech Acted with Malice Sufficient for Punitive damages.

Debtor did act with malice – and after the fact revenge – by: (1) failing to ensure that Mr. Martin was present when taking the equipment; (2) failing to even notify Mr. Martin of Debtor's intent to take the equipment on or before a date certain; (3) failing to inventory all of the equipment present before taking any; (4) failing to inventory the equipment it took; (5) failing to offer to offset Premier for the value of any equipment taken in excess of Debtor's entitled portion; and (6) failing to make a good faith effort to determine what equipment had been taken based upon Debtor's sales and current inventory. Debtor had multiple opportunities to be fair to Premier, but Debtor performed multiple acts to conceal the extent of its misconduct.

### VI. Conclusion.

It is undeniable that Premier does possess a claim against Debtor, but the extent of the claim is disputed. The matter is scheduled to be litigated and the amount of Premier's claim, including any offsets, will be determined at that time.

Respectfully submitted,

*/s/ Grant Wenstrup*
Alan J. Statman (84752)
Grant Wenstrup (*Admitted pro hac vice*)
STATMAN HARRIS, LLC
35 E. 7th Street, Suite 315
Cincinnati, Ohio 45202
(513) 345-1741 / FAX: (513) 621-4896
Email: ajstatman@statmanharris.com
Email: gwenstrup@statmanharris.com
*Counsel for Creditors Premier Chemical and Service LLC and Ronald Martin*

## C<span></span>ERTIFICATE OF S<span></span>ERVICE

I certify that on September 22, 2021, a true copy of the foregoing was filed and served electronically with the United States Bankruptcy Court for the Eastern District of Kentucky. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system.

*/s/ Grant Wenstrup*
Grant Wenstrup (*Admitted pro hac vice*)