**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| In Re Sanitech, LLC<br>Sanitech, LLC | Case No. 21-20120-tnw<br>Chapter 11 – Small business case |

**AGREED ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE PURSUANT TO FED. R. OF BANKR. P. 9019**

This matter having come before the Court on Debtor's motion to approve a compromise of the related adversary proceedings designated as Case No. 21-2004 between Plaintiff Sanitech, LLC ("Debtor"), Defendant ROC Funding Group, LLC, ("ROC Funding"), and Plaintiff Patrick W. Dunn ("Dunn"), brought pursuant to Fed. R. Bankr. P. 2002(a)(3) and 9019(a); all parties in interest having been given notice of the motion and an opportunity to be heard on any objections, and the Court being otherwise sufficiently informed and advised, it is hereby ORDERED:

1. The Debtor's motion to approve the compromise is GRANTED.

2. The proposed compromise is APPROVED on the following terms:

   (a) This Agreement shall become final on the date that Debtor's Plan of Reorganization is confirmed by a final order of this Court. (the "Effective Date").

   (b) Debtor in possession shall file a motion to compromise, pursuant to 9019, on or before August 26, 2021.

   (c) Immediately upon the approval of the compromise, ROC Funding shall take all measures to release any and all liens placed against Debtor's credit card receivables.

   (d) Within 21 days from the approval of the compromise, ROC Funding shall provide an accounting of all funds that it has or is entitled to receive from Sanitech's merchant credit card service provider on or after the Petition Date, (the "Withheld Funds").

   (e) ROC Funding shall turnover any Withheld Funds to Debtor, or to a third party designated by Debtor to receive such funds upon the written direction of Debtor, in one lump sum not later than 30 days after the Effective Date. (The "Settlement Payment").

   (f) Prior to the hearing on confirmation, Debtor shall modify its Plan of Reorganization to treat ROC Funding's proof of claim in the amount of $127,214.62 (Claim No. 15) as follows:

      (i) $88,913.60 shall be allowed and treated as a secured claim and included in Class 3 of Debtor's Plan of Reorganization filed on August 1, 2021, (the "Plan");

      (ii) $38,301.02 shall be allowed and treated as a Class 5 Claim under the Plan.

(g) Not later than August 26, 2021, ROC Funding shall transmit to Debtor, electronically and by first class mail, two ballots evidencing: (1) its vote to accept the Plan as the holder of a Class 3 Claim; and (2) its vote to accept the Plan as the holder of a Class 5 Claim.

(h) Upon receiving the ballots from ROC Funding, Debtor will voluntarily dismiss the adversary proceedings referenced above, thereby releasing ROC Funding, LLC from any all claims in connection with the parties' prepetition agreements, except that the rights and interests that the estate may have in the avoidance and/or recovery of any preferential transfers from Sanitech to ROC Funding shall only be deemed extinguished upon the receipt of the Settlement Payment in the amount set forth herein.

(i) ROC Funding shall cease and discontinue any actions to enforce Dunn's obligations under any personal guarantees made or given in connection with the parties' prepetition agreements for so long as Debtor remains in a chapter 11 and complies with the terms of the Plan.

(j) In consideration for ROC Funding releasing its claims against Dunn, Dunn agrees to waive his claims against the estate for the amounts due under the prepetition agreements between ROC Funding, LLC and Sanitech, LLC to the full extent of any personal liability incurred in connection with such agreements.

(k) ROC Funding reserves the right to enforce its claims against Dunn to the extent that such claims are not paid through the Plan, <u>but only if</u> the case is dismissed or converted to a chapter 7 before the completion of the Plan.

(l) In the event that all amounts due to ROC Funding under the terms of the confirmed plan are paid pursuant to the plan, then any and all obligations owed by either Debtor or Dunn to ROC Funding will be deemed satisfied.

**Have seen and agree,**

| | |
|---|---|
| <u>/s/ Matthew T. Sanning</u><br>Matthew T. Sanning (KBA # 87035)<br>224 Main St.<br>Augusta, KY 41002<br>606-756-2066<br>Mattsanning1@gmail.com<br>Attorney for Patrick W. Dunn | <u>/s/ Shanna Kaminsky</u><br>Shanna Kaminski (admitted pro hac vice)<br>KAMINSKI LAW, PLLC<br>40950 Woodward Ave., Ste. 100<br>Bloomfield Hills, Michigan 48304<br>Telephone: (248) 462-7111<br>Email: skaminski@lcaminskilawp11c.com<br>Attorney for ROC Funding, LLC |
| <u>/s/ J. Christian A. Dennery</u><br>J. Christian A. Dennery, Esq. (KBA 95878)<br>Dennery, PLLC<br>7310 Turfway Rd, Suite 550<br>Florence, KY 41042<br>859-692-3685<br>jcdennery@dennerypllc.com<br>Attorney for Debtor and Debtor in Possession | |

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
<u>*Tracey N. Wise*</u>
**Bankruptcy Judge**
**Dated: Tuesday, November 2, 2021**
(tnw)